UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GENERAL ELECTRIC CAPITAL CORPORATION
THOMAS PETTERS INVESTMENT LITIGATION       MDL No. 2603


ORDER DENYING TRANSFER


**Before the Panel**:[*] Common defendant General Electric Capital Corporation (GECC) moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota.[1] The litigation consists of actions pending in the Southern District of Florida, the Northern District of Illinois, and the Southern District of New York, as listed on Schedule A.[2]

Plaintiffs in all three actions oppose centralization. If the Panel orders centralization over their objections, then the Florida and New York plaintiffs argue for selection of the Southern District of New York as transferee district, while plaintiff in the action in the Northern District of Illinois favors selection of that district.

These three actions all involve similar allegations that in 2000, GECC became aware of a massive Ponzi scheme perpetrated by Thomas Petters, a Minnesota businessman to whom GECC had extended two revolving lines of credit totaling approximately $100 million between 1998 and 1999. Under the scheme, which resulted in total losses exceeding $1.8 billion, investors were told that the money they lent Petters or Petters-controlled entities would be used to purchase electronic goods that would then be sold for a profit to large retailers such as Costco and Sam's Club. Contrary to those representations, the lent funds were used to make payments to other investors, fund Petters' other businesses, and finance Petters' lifestyle. Plaintiffs, all of which assert that they suffered losses resulting from Petters' wrongdoing, allege that GECC learned of the scheme in October 2000, but failed to disclose its existence, at least in part so that the money it had lent would be repaid.

On the basis of the papers filed and the hearing session held, we deny GECC's motion. Although the actions share factual issues concerning when and in what manner GECC became aware

---

[*] Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] In its reply, GECC states that centralization in the Southern District of Florida also would be appropriate.

[2] As filed, the Section 1407 motion included a fourth action, which was then pending in the District of Minnesota. That action has since been remanded to state court.

-2-

of Petters' Ponzi scheme, and whether GECC failed to disclose the existence of the scheme, we are not convinced that centralization under Section 1407 is warranted in these circumstances.

First, the actions are in significantly different procedural postures. The Southern District of Florida action is an adversary proceeding in bankruptcy court that has been pending since September 2012. The two other actions were commenced in September and October 2014, respectively. Discovery in the Florida action is well underway, in contrast to the other actions. The parties already have exchanged more than one million pages of documents, and several depositions have taken place. The fact discovery cutoff is May 8, 2015.

Second, it appears that details regarding the GECC-Petters relationship appear already to be fairly well developed – at least in part through Petters' 2009 criminal trial. Much of the discovery in each of these actions thus is likely to be plaintiff-specific – directed to each plaintiff's unique relationship with Petters and his companies. For example, while the key dealings involving Petters and GECC apparently took place during the 1998-2000 time frame, the loans at issue in the Southern District of New York and Northern District of Illinois actions were made several years later. Accordingly, discovery is almost certain to encompass, among other things, the full extent of the due diligence that each plaintiff conducted before extending those loans.

Third, with the remand of the Minnesota action, there now are only three actions at issue. Given the small number of involved actions, and the correspondingly limited number of involved counsel and courts, alternatives to formal centralization appear both practicable and preferable. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

For all the above reasons, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
R. David Proctor             Catherine D. Perry

IN RE: GENERAL ELECTRIC CAPITAL CORPORATION
THOMAS PETTERS INVESTMENT LITIGATION                          MDL No. 2603

## SCHEDULE A

<u>Southern District of Florida</u>

MUKAMAL v. GENERAL ELECTRIC CAPITAL CORPORATION,
  Bky. Adv. No. 9:12-01979

<u>Northern District of Illinois</u>

GECKER v. GENERAL ELECTRIC CAPITAL CORPORATION, C.A. No. 1:14-08447

<u>Southern District of New York</u>

RITCHIE CAPITAL MANAGEMENT, LLC, ET AL. v. GENERAL ELECTRIC
  CAPITAL CORPORATION, C.A. No. 1:14-08623